464 A.2d 487

**Corrie WARREN, Sr., Appellant**

v.

**RELIANCE INSURANCE COMPANY.**

**Maria MASSARO, Appellant**

v.

**STATE FARM INSURANCE COMPANY.**

**Rita PITROLI, Appellant**

v.

**STATE FARM INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 28, 1983.

Filed Aug. 12, 1983.

Petition for Allowance of Appeal Denied Dec. 19, 1983.

1

2

Allen L. Feingold, Philadelphia, for Warren, appellant.

Francis T. Flannery, Philadelphia, for Massaro, appellant.

Morris H. Zuber, Philadelphia, for Pitroli, appellant.

Alan R. Kutner, Philadelphia, for Reliance, appellee.

Frederick E. Smith, Philadelphia, for State Farm, appellee.

Before CERCONE, P.J., and SPAETH, BROSKY, ROWLEY, McEWEN, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

These appeals were argued before this Court en banc to determine the appropriate statute of limitations under the No-fault Motor Vehicle Insurance Act (No-fault Act)[1] for actions brought against assigned claims obligors.[2] We find

[1] Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 *et seq.*

[2] Providers of basic loss insurance are statutorily required to establish and maintain an assigned claims plan to provide benefits for persons whose basic loss insurance:
(A) is not applicable to the injury for a reason other than those specified in the provisions on ineligible claimants;
(B) is not applicable to the injury because the victim converted a motor vehicle while he was under fifteen years of age;
(C) applicable to the injury cannot be identified;
(D) applicable to the injury is inadequate to provide the contracted-for benefits because of financial inability of the obligor to fulfill its obligations; or

that once a claimant files a timely claim with the Assigned Claims Bureau, he is entitled to written notification of rejection by the assigned obligor and then at least sixty days in which to bring an action. A claimant must, in any event, however, bring the action within four years of the accident even if written notice has not yet been received.

## I.

■ In *Warren v. Reliance Insurance Co.*, and the consolidated appeals of *Massaro v. State Farm Insurance Co.* and *Pitroli v. State Farm Insurance Co.*, each claimant, after receiving no benefits, brought an action against his/her assigned claims obligor. Each action was dismissed by the lower court as barred by § 106(c)(1) of the No-fault statute of limitations. Section 106(c)(1), the general statute of limitations for No-fault claims, provides:

> If no fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier.

40 P.S. § 1009.106(c)(1). Section 106(c)(4), a special time limitation for assigned claims cases, states that:

> Except as paragraph (1), (2), or (3) prescribes a longer period, an action by a claimant on an assigned claim which has been timely presented in accordance with the provisions of section 108(c) of this act may not be commenced more than *sixty days after the claimant receives written notice* of the rejection of the claim by the restoration obligor to which it was assigned.

40 P.S. § 1009.106(c)(4) (emphasis added). We interpret § 106(c)(4) as controlling where the general statute of limi-

(E) benefits are refused by an obligor for a reason other than that the individual is not entitled in accordance with the act to receive the basic loss benefits claimed.
40 Pa.C.S.A. § 1009.108.

tations provided in paragraph (1), (2) or (3) has already run its course before written notification[3] of a denial of benefits is given. This interpretation is best explained through example. If a claimant properly requests benefits through the Assigned Claims Plan, pursuant to § 108(c),[4] and receives written rejection six months after the accident, § 106(c)(1) entitles the claimant to eighteen months in which to bring an action. Thus, because "paragraph (1) ... prescribe[s] a longer period," section 106(c)(4)'s sixty day extension has not been triggered. However, if the claimant, in compliance with § 108(c), files the claim within the two years provided in § 106(c)(1) but receives written rejection in the twenty-third month after the accident, section 106(c)(1) would not prescribe a longer period and thus 106(c)(4)'s sixty day extension would permit an action in the twenty-fifth month. Similarly, if a timely filed claim was rejected in writing at the conclusion of or after the two year period established in § 106(c)(1), § 106(c)(4) provides an additional sixty days in which to bring an action.

The final step in our analysis is the time period within which an action must be brought if the initial two-year statute of limitations has run and no written notification of rejection has been provided by the assigned claims obligor. First, we note that while the No-fault Act requires a claimant to bring an action within sixty days of receipt of written notice, nowhere does it require that a claimant receive written notice before filing an action in court. Although an obligor *"shall* give to the claimant written notice of the

3. Written notification of rejection shall "specify the reason for such rejection and inform the claimant of the terms and conditions of his right to obtain an attorney." 40 P.S. § 1009.106(a)(5).

4. Section 1009.108(c) requires that:
   an individual authorized to obtain basic loss benefits through the assigned claims plan shall notify the assigned claims bureau of his claim within the time that would have been allowed pursuant to section 106(c) of this act for commencing an action for basic loss benefits against any obligor, other than an assigned claims bureau, in any case in which identifiable no-fault insurance coverage was in effect and applicable to the claim.
   *See* 40 P.S. § 1009.106(c)(1), *supra.*

rejection promptly, but in no event more than thirty days after receipt of reasonable proof of the loss," 40 P.S. § 1009.106(a)(5) (emphasis added), that section in no way indicates that an assigned claims plan claimant must have written notice to sue for benefits. If written notice was required for suit, insurers need only procrastinate in giving notice until the appropriate statute of limitations had run against the claimant. Such a result would defeat the purposes of the Act. *See* 40 P.S. § 1009.102. Similarly unreasonable would be a statute of limitations giving the claimant sixty days past written notification no matter how many years past the accident that notice was received. This would be akin to providing those claimants with a cause of action against which no statute of limitations could run.

We turn, therefore, to *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982), where our Supreme Court concluded that "the legislature has provided comprehensive statutes of limitations on traditional tort actions for personal injuries under our law, including survival actions and actions for wrongful death." *Id.*, 500 Pa. at 168, 455 A.2d at 102. The Court rejected the use of the standard six-year statute of limitations for contract actions in favor of provisions particular to the No-fault Act. See *id.*, 500 Pa. at 177, 455 A.2d at 104 (Court's rejection of contract analysis employed in *Wright v. Allstate Insurance Co.*, 271 Pa.Superior Ct. 559, 414 A.2d 395 (1979)). *Sachritz* suggests that we impose a statute of limitations by looking to the context of the No-fault Act rather than to other traditional time limitations. Section 106(c)(1) provides an outside limit of four years after an accident in which to bring a suit. Section 106(c)(2) [5] contains the same limitation for survivor's bene-

---

**5.** The six-year outside limitation in § 106(c)(2) may be distinguished from the four-year limitations as the language contemplates an ongoing contractual relationship between obligor and claimant where some benefits have already been provided. In the claims at issue and in those that will, in the future, follow the limitations period established herein, no benefits have been or will be provided before the initial action. If claims have been paid for loss arising otherwise than

fits. Essential, therefore, to the formulation of an appropriate limitation for assigned claims is the four-year outside limitation for *any* action brought by a claimant who has not received benefits. We find it both reasonable and consistent with the No-fault Act, to limit the time of an action against an assigned claims obligor, by a claimant who has neither received notification of available benefits, nor written notification of rejection, to four years after the accident. This does not, however, enlarge the time for filing an action for claimants who receive written notification of denial within the four years. And a claimant receiving written rejection one day short of four years has only one day in which to file. The four-year limitation applies merely to those claimants who timely filed for assigned claims benefits pursuant to § 108(c), and who never received benefits or written notice of their denial.

We recognize that this interpretation of the statute places a burden on plaintiffs to bring actions even though they lack a definitive rejection notice, but it does afford them reasonable time in which to bring an action for benefits if the assigned claims obligor delays action on the claim for an extended period of time. We therefore determine that extrapolation of the outside time limitation from § 106(c)(1) to 106(c)(4) is an appropriate manner in which to satisfy *Sachritz* and to make the entire No-fault statute of limitations scheme consistent.

Accordingly, we hold that after a claimant has timely filed for benefits for loss arising otherwise than from death with the Assigned Claims Plan, has received no benefits but has received written rejection, he has two years from the date of the loss or sixty days after notice, whichever is longer, in which to bring an action. The action must be brought, however, no later than four years after the accident.[6] When written rejection has not been received, a

from death, actions for further benefits must be brought within two years of the last payment. *See* 40 P.S. § 1009.106(c)(1).

6. Depending on when a claimant knows or should know of a loss, § 106(c)(1) and § 108(c)(1) provide two or four years in which to file

claimant must commence an action within four years of the accident.[7]

## II.

Having determined the appropriate statutory scheme, we must now examine the instant appeals.

### A.

■ In *Warren v. Reliance Insurance Co.*, appellant was injured in an automobile accident on July 10, 1976 and sought recovery under the No-fault Act. On November 9, 1977, appellant notified the Pennsylvania Assigned Claims Plan of his claim for benefits and filed a completed application on January 13, 1978. On July 10, 1980, appellant sued

a claim with the Assigned Claims Bureau. Where the four year limit we have established will unfairly terminate a claimant's statutory right to bring an action otherwise permitted under § 106(c)(4), however, we find that pursuant to § 106(c), a claimant who timely files a claim, including reasonable proof of loss, may bring an action after the four year period, but is entitled to no more than the time required for the Assigned Claims Bureau to deliver the claim to the assigned obligor, plus thirty days time for the obligor to file notice of rejection or acceptance (§ 106(a)(5)), plus sixty days in which to file an action against the obligor (§ 106(c)(4)). For example, if a claimant learns of his loss three years and eleven months after the accident and timely files his claim within the final month, he is entitled to the amount of time described above in bringing an action for benefits.

7. This interpretation of § 106, however, conflicts with the decision of our panel in *Williams v. Keystone Insurance Co.*, 302 Pa. Superior Ct. 44, 448 A.2d 86 (1982). *Williams* maintained that "a cause of action against an insurance carrier for failing to pay a claim which was assigned to it under the assigned claims plan does not accrue until the alleged breach of the carrier's statutory duty to pay such a claim occurs." *Id.*, 302 Pa.Superior Ct. at 50, 448 A.2d at 89. In so stating, *Williams* held pursuant to § 106(c)(1) that when an assigned claim is refused, the statute of limitations is two years after notice of the refusal. If *Williams* were to control in determining the statute of limitations for assigned claims actions, § 106(c)(4) (permitting an action up to sixty days after denial of benefits), would be read entirely out of the No-fault Act, because a claimant could always have two additional years under § 106(c)(1). We do not think the legislature could have intended that result and feel constrained to overrule the part of Williams that establishes a statute of limitations for assigned claims without regard for § 106(c)(4). *See* 1 Pa.C.S.A. § 1922(2) ("General Assembly intends the entire statute to be effective and certain.").

appellee, his assigned obligor under the plan, to recover loss benefits appellee had purportedly failed to pay. Appellee filed preliminary objections alleging that the statute of limitations in the No-fault Act barred appellant's claim. On January 27, 1981, the lower court sustained appellee's preliminary objections and dismissed the complaint. This appeal followed.

Appellant's application for Basic Loss Benefits made to appellee indicates that he suffered lost wages beginning on the date of the accident. Appellant notified the Assigned Claims Plan of his loss on November 9, 1977, well within the time limit prescribed for notification in 40 P.S. § 1009.-108(c). The record, however, does not indicate on what date appellant was given written notification, if any, of the denial of benefits. When written notification was received is a question of fact which must be decided by the lower court before the preliminary objections may be properly determined. *See* Pa.R.Civ.P. 1028(b) ("The court shall determine promptly all preliminary objections. If an issue of fact is raised the court shall take evidence by depositions or otherwise.")

Accordingly, we must remand the matter for an evidentiary hearing and decision consistent with this opinion.

B.

The facts in *Massaro v. State Farm Insurance Co.,* are as follows: Appellant was injured in an automobile accident while driving her uninsured vehicle on January 25, 1977. On February 27, 1978, Massaro applied for basic loss benefits with the Assigned Claims Plan and one month later was notified that State Farm was to be her designated obligor. After State Farm received her medical bill, the claim was not paid. On September 1, 1978, appellant's attorney was notified that the claim was being held, pending receipt of appellant's Blue Cross-Blue Shield claim. Appellant filed suit on January 17, 1980, after receiving no benefits from State Farm. The lower court dismissed the

action as being barred by the statute of limitations in § 106(c)(1). This appeal followed.

We must first determine whether appellant received written notice of rejection as required by § 106(c)(4). If State Farm's letter to appellant's attorney requesting the Blue Cross-Blue Shield information constituted written notice, then we must calculate sixty days after that date to determine if the action was timely.[8] However, if the written notice requirements were not met then the four year statute established herein will be implemented. *See* 40 P.S. § 1009.106(a)(5) (requirements for notice), n. 1, *supra.* Patricial McKenna, an employee at State Farm, testified that in denying regular no-fault claims, State Farm uses words similar to, "payment is being respectfully denied." (N.T. July 22, 1980 at 19). She stated that she viewed no correspondence in this case with words similar to that, *id.,* and testified that on September 1, 1978, she requested certain Blue Cross-Blue Shield information from appellant's counsel.

> On 3/8/78, I wrote you requesting an affidavit of no insurance and also requested the identity of any health medical provider. To date I have not received this. However, the bills submitted indicate Miss Massaro has Blue Cross, Blue Shield. As you are aware, we are secondary to any other health medical plan. At this time, kindly forward, one, affidavit; two, copy of Blue Cross, Blue Shield I.D. card; three, copies of all Blue Cross, Blue Shield payments and/or rejection Statements. As you are aware, all bills must be submitted to the primary provider.

*Id.* at 11. We do not find that this letter, claimed by State Farm to be written notice of rejection, "specifies the reason for such rejection." 40 P.S. § 1009.106(a)(5). Rather than outright rejection of appellant's claim, this letter merely

---

**8.** State Farm alleges in its brief that "The claims ... *were denied* by State Farm because ... State Farm had evidence that [appellant's] bills were paid by another health care insurer...." (Appellee's brief at 1) (emphasis added).

denotes the nature of State Farm's obligation. *See*, 40 P.S. 1009.203.

Because no written notice of rejection was received and the action was brought on January 17, 1980, three years after the January, 1977 accident, appellant's action was taken well within the four year statute of limitations set forth above.[9] Because the lower court erred in dismissing the action, we must reverse and remand for trial.

### C.

The circumstances of the accident and the pertinent dates in *Pitroli v. State Farm Insurance Co.* are identical to those in *Massaro*. Pitroli was injured when a passenger in Massaro's car. In fact, counsel for both appellant and appellee have filed the same brief in each case and have twice relied on the testimony of Patricia McKenna to debate the receipt of written notification of rejection. Therefore, the analysis and result outlined in the *Massaro* claim is expressly applied to and adopted in the *Pitroli* appeal. Accordingly, because the statute of limitations does not bar Pitroli's action, we reverse and remand for trial.

### III.

Appeal at No. 284 Philadelphia, 1981 (J. 578/83) is hereby reversed and remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

**9.** Appellant Massaro alleges the applicability of § 106(c)(3) that provides:

If timely action for basic restoration benefits is commenced against an obligor and benefits are denied because of a determination that the obligor's coverage is not applicable to the claimant under the provisions of section 204 of this act, an action against the applicable obligor or the obligor to whom a claim is assigned under an assigned claims plan may be commenced not later than sixty days after the determination becomes final or the last date on which the action could otherwise have been commenced, whichever is later.

40 P.S. § 1009.106(c)(3). Reliance on this section is misplaced. Section 106(c)(3) is to be employed *after* an action has been brought and a court makes a final determination that the claimant must seek benefits from another source under § 1009.204. Here, the parties have had no such final determination made by a court.

12

Appeals at Nos. 1282 Philadelphia, 1981 and 1283 Philadelphia, 1981 (J. 579/83) are hereby reversed and remanded for trial.