## Walker v. Insurance Company of North America

Linda M. Scher, for plaintiff.
James J. Bee, for defendant.

DOTY, *J.*, October 12, 1983—This matter comes before the court on defendant Insurance Company

of North America's (hereinafter defendant) motion for judgment on the pleadings. On August 1, 1983, this court granted defendant's motion, thereby dismissing defendant as a party from this litigation. Plaintiff appealed said order August 11, 1983 (No. 2168, Superior Court, Philadelphia, 1983). This opinion is being filed in support of that order.

## FACTS

Plaintiff Nellie Walker (hereinafter plaintiff) commenced this action November 13, 1982 by filing a complaint in assumpsit. Plaintiff sought to recover uninsured motorist benefits as compensation for alleged injuries sustained in a motor vehicle accident which occurred December 14, 1976.

At the time of the accident, plaintiff was operating an automobile owned by her son, Ronald Walker. Beatrice Evans was the owner and operator of the other vehicle involved in the collision. None of the above mentioned parties carried public liability insurance. Accordingly, defendant Insurance Company of North America was designated as the participating insurer pursuant to the Assigned Claims Plan.*

Responding to plaintiff's complaint by way of answer and new matter, defendant averred that plaintiff's claim was barred by the applicable statute of limitations in that it was filed nearly six years subsequent to the accident. On July 11, 1983, defendant moved for judgment on the pleadings. Defendant's motion was granted August 1, 1983, thereby dismissing defendant as a party to this action.

---

* On February 17, 1983, Beatrice Evans, James Evans and Ronald Walker were joined as additional defendants in this litigation. However, they are the focus of the instant motion.

## DISCUSSION

Defendant has asserted two grounds on which its dismissal from this action is premised. Defendant contends that plaintiff's claim is barred by the two year statute of limitations pertaining to personal injury actions as set forth in 42 Pa.C.S. §5524. In the alternative, defendant argues the action is barred by the four year statute of limitations governing implied in law contracts as provided in 42 Pa.C.S. §5525. This court agrees with the latter ground. Accordingly, we hold that plaintiff's claim for uninsured motorist benefits is barred by the four year statute of limitations covering actions based upon contracts implied in law.

This court has recently had occasion to articulate its position concerning the implied-in-law contract of uninsured motorist benefits in Holland v. General Accident Group, No. 697, Superior Court, Philadelphia, 1983, filed September 6, 1983, and Silver and Taylor v. General Accident Group, No. 2092, Superior Court, Philadelphia, 1983, filed September 26, 1983. There we relied upon the Pennsylvania Supreme Court's construction of Section 1009.108(b) of the No-fault Act in Tubner v. State Farm Mutual Ins. Co., 496 Pa. 215, 436 A.2d 621, (1981): "Insurers are assigned to compensate motor vehicle accident victims for whom insurance is not carried as if a policy of basic loss insurance had never been issued . . . [and] 'the assignee thereafter has rights as if he had issued a policy of basic loss insurance complying with this Act applicable to the injury.' " Id. at 218, 436 A.2d at 622, citing 40 Pa.C.S. §1009(b)(2)(A).

As indicated by Tubner, the recipient of benefits under the Assigned Claims Plan is treated as though he had been issued a no-fault policy by the

assigned insurance company. Therefore, any action for no-fault benefits must be premised upon an implied contract whereby coverage is provided to the insured party. Because uninsured motorist coverage is mandated by statute, 31 Pa.C.S. §§66.1104(a), as part of each and every policy of no-fault policy issued in this state, it follows that a claim for uninsured motorist coverage is based upon an implied-in-law contract. Accordingly, plaintiff's claim in the instant matter is governed by 42 Pa.C.S. §5525(4), the statute of limitation governing implied-in-law contracts.

42 Pa.C.S. §5525(4) provides that an action based upon a contract implied-in-law must be commenced within four years. 42 Pa.C.S. §5525, 1976, July 9, P.L. 586, No. 142, §2, effective June 27, 1978, as amended 1980, Oct. 5, P.L. 693, No. 142, §501(a), effective in 60 days. The time within which an action must be commenced is to be computed from the time the cause of action accrued, 42 Pa.C.S. §5502(a), 1976, July 9, P.L. 586, No. 142, §2, effective June 27, 1978. The right to enforce a contract occurs when a party's rights under the contract have vested.

In Boyle v. State Farm Mutual Ins. Co. _____Pa. Super. _____, 456 A.2d 156 (1983), the Superior Court set forth a three-prong test to ascertain at what point the right to uninsured motorist payments accrued and hence, the statute of limitation begins to run: (1) the party must have been in a motor vehicle accident; (2) the party sustained bodily injury as a result of that accident; and (3) the insured knows of the uninsured status of the other owner or operator.

Applying the Boyle factors to the instant case, all three criteria are present. A motor vehicle accident occurred December 14, 1976, during which plain-

tiff sustained bodily injury. Plaintiff's application to the Assigned Claims Plan on January 4, 1977, is indicative of knowledge of the uninsured status of the other owner or operator, and hence, the date her cause of action against Defendant accrued. Because plaintiff delayed commencement of this action until November 13, 1982, more than five years past the date her action against defendant arose, her claim is barred by the four year statute of limitations provided in 42 Pa.C.S. §5525(4).

Plaintiff has advanced Boyle as support for her contention that a six year statute of limitations should be utilized. However, plaintiff's reliance upon Boyle for that proposition is erroneous. Boyle involved an action for uninsured motorist under a written policy of insurance containing an uninsured motorist endorsement, and therefore, the six year statute of limitations governing written contracts, 42 Pa.C.S. §5527, was utilized. No such written contract between plaintiff and insurer is present in the instant case.

Additionally, plaintiff has failed to bring her action within the period prescribed by the Superior Court in Warren v. Reliance Ins. Co., _____ Pa. Super. _____, 464 A.2d 487 (1983). There the court held that a claim from an assigned obligor benefits must be commenced within the longer of two years from the date of loss or 60 days upon receiving written rejection of a claim. The court added that all such actions must be commenced within four years of the accident. Having commenced this action more than five years subsequent to the date of the accident, plaintiff's claim is barred by the statute of limitations.

Finally, we will address plaintiff's contention that the statute of limitations did not begin to run until the Pennsylvania Supreme Court's decision in

Tubner. Plaintiff asserts that prior to that decision parties were unaware of the availability of uninsured motorist benefits under a policy provided by the Pennsylvania Assigned Claims Plan. We find such contention without merit since the Tubner decision did not purport to create a new right. To the contrary, the court merely addressed an aspect of the No-fault Act which had not previously been decided, but had been in existence since the Act's inception. Thus, we cannot accept plaintiff's argument that the statute of limitations began to run on the date when Tubner was ultimately decided.

Based upon the foregoing, the order of this court granting defendant's motion for judgment on the pleadings is affirmed.