485 A.2d 1128

**Anthony LEWIS, Dexter A. Groves, and Ronald Merith, Appellants,**

**v.**

**GENERAL ACCIDENT GROUP and Pennsylvania Assigned Claims Plan.**

Superior Court of Pennsylvania.

Argued Aug. 21, 1984.

Filed Dec. 5, 1984.

Reargument Denied Jan. 28, 1985.

Petition for Allowance of Appeal Granted Aug. 5, 1985.

374

Allen L. Feingold, Philadelphia, for appellants.

George S. Donze, Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This appeal follows an order granting defendant's motion for judgment on the pleadings. The underlying action involves non-insureds' claims for uninsured motorist benefits. The question before us is to whom these benefits inure.

Appellants sustained injuries in an automobile accident on February 20, 1976. Then uninsured, they notified the Pennsylvania Assigned Claims Bureau, by letter dated November 29, 1977, of claims for "medical bills and lost wages." Appellee General Accident Group was assigned as servicing carrier for the claims.

On November 5, 1981, the Supreme Court rendered its decision in *Tubner v. State Farm Mutual Ins. Co.*, 496 Pa. 215, 436 A.2d 621 (1981). The Court there held that an insurer designated to provide insurance coverage under the assigned claims plan of the No-Fault Motor Vehicle Insurance Act must pay not only basic loss benefits but also uninsured motorist benefits. Thirteen days after the *Tubner* decision, appellants notified General Accident Group of their uninsured motorist claims.

Appellee failed to honor those claims. On February 19, 1982, appellants filed a petition to appoint a neutral arbitrator. The Honorable Charles A. Lord, by order of March 29, 1982, denied appellants' petition but granted leave to file a complaint. Appellants responded with a complaint in assumpsit on April 29, 1982.

General Accident's preliminary objections were sustained in part and overruled in part. Appellee then filed an answer in which it raised the statute of limitations as an affirmative defense. Based on this defense, appellees filed a motion for judgment on the pleadings. The court, by order of April 5, 1983, granted the motion. This appeal follows.

Appellants assert a claim for uninsured motorist benefits under *Tubner*. The lower court assumed without deciding that *Tubner* did apply to this 1976 accident. It concluded,

however, that passage of time had barred the instant action. The court never made clear which statute of limitations applied. Appellants argue that, whatever the statute of limitations, the lower court erred in granting judgment on the pleadings. For the reasons below, we disagree.

■ Justice Kauffman, for the *Tubner* majority, writes that "the right to uninsured motorist benefits under the assigned claims plan follows *a fortiori* from a straightforward reading of the statute...." *Id.*, 496 Pa. at 219–220, 436 A.2d at 623.[1] As a rule, a court's interpretation of a statute is considered to have been law from the date of the statute's enactment. *See, e.g., Daniels v. State Farm Mutual Automobile Ins. Co.*, 283 Pa.Super. 336, 343, 423 A.2d 1284, 1288 (1980). Appellants' claims, to be actionable, therefore, must fall within the statutory period.

■ The uninsured motorist claims arise from an incident in February of 1976. Appellee first received notice of these claims on November 18, 1981—some five years and nine months after the accident. As this Court held in its *en banc* decision in *Warren v. Reliance Ins. Co.*:

... [O]nce a claimant files a timely claim with the Assigned Claims Bureau, he is entitled to written notification of rejection by the assigned obligor and then at least sixty days in which to bring an action. *A claimant must, however, bring the action within four years of the accident even if written notice has not yet been received.*

318 Pa.Super. 1, 4, 464 A.2d 487, 488 (1983) (emphasis added); 40 P.S. § 1009.106(c)(1, 4). *Warren* involved a claim for basic loss benefits; appellants present claims for uninsured motorist benefits. The same reasoning, however, applies.

1. We note Chief Justice Nix's strong dissent in *Tubner, id.*, 496 Pa. at 221–228, 436 A.2d at 624–627 (Nix and Roberts, JJ., dissenting). Judge Lord below explained that *Tubner* "revealed a substantive right existing in the No-Fault Act." *Weaver v. The Travelers*, No. 1619, January Term 1982, slip opinion at 6 (Court of Common Pleas of Philadelphia County).

■ Section 108 of the No-Fault Act provides that assigned insurers are obligated precisely as if they had issued basic loss insurance policies. 40 P.S. § 1009.108. The *Tubner* court found the right to uninsured motorist benefits a corollary to the right to basic loss benefits. 496 Pa. at 219, 436 A.2d at 623. Consistent with the *Tubner* court's reasoning, we find "basic loss and uninsured motorist benefits" wherever the statute reads "basic loss benefits." Section 108, by reference to Section 106, provides the applicable statute of limitations. 40 P.S. §§ 1009.106, 1009.108. *Warren*, therefore, controls.[2]

■ Following the lead of *Warren*, we must reject appellants' claims and affirm the order below.

McEWEN, J., did not participate in the proceedings or decision of this case.

---

**2.** The Court in *Warren* repudiated the contractual analysis of *Williams v. Keystone Insurance Co.*, 302 Pa.Super. 44, 448 A.2d 86 (1982).