489 A.2d 238

**Deborah HOLLAND, Appellant,**

v.

**GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD.**

Superior Court of Pennsylvania.

Argued July 25, 1984.

Filed March 1, 1985.

Marshall E. Kresman, Philadelphia, for appellant.

David M. McCormick, Philadelphia, for appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

MONTEMURO, Judge:

On February 2, 1983, the Honorable Ethan Allen Doty, of the Court of Common Pleas of Philadelphia County, granted appellee's, General Accident Fire and Life Assurance Corporation, Ltd.'s, motion for summary judgment. This appeal followed.

The sole issue before us is whether appellant's action against appellee, the assigned servicing carrier under the Pennsylvania Assigned Claims Plan [PACP],[1] for "uninsured motorist benefits" is barred by the applicable statute of limitations.

The undisputed facts are as follows: On November 6, 1976, appellant was injured in an automobile accident while riding as a passenger in an automobile owned and operated by Richard Shapiro. Neither Shapiro nor appellant were covered by an applicable automobile insurance policy. On July 23, 1977, appellant filed an application for "basic loss benefits" pursuant to the PACP and, on May 9, 1978, appellee made payment to appellant in the amount of $14,-429.27. This payment was the final payment made to appellant with regard to the injuries she allegedly suffered in the November 6, 1976 accident. Following a denial of appellant's request for uninsured motorist benefits, appellant instituted the instant action against appellee on April 21, 1982.

Appellant's claim for uninsured motorist coverage is founded upon our supreme court's opinion in *Tubner v.*

1. PACP is contained in section 108 of the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, art. I, § 101, *et seq.*, 40 P.S. § 1009.101, *et seq.*

*State Farm Mutual Automobile Insurance Company*, 496 Pa. 215, 436 A.2d 621 (1981). In *Tubner*, the court held that a company assigned to provide insurance coverage pursuant to the PACP is required to pay not only basic loss benefits, but also uninsured motorist benefits. The *Tubner* court reasoned,

> Because assigned insurers are obligated precisely as *if they had issued basic loss insurance policies*, and because *every* policy of basic loss insurance issued in Pennsylvania *must include uninsured motorist coverage*, the right to uninsured motorist benefits under the assigned claims plan follows *a fortiori* from a straightforward reading of the statute and the legislation lawfully promulgated thereunder.

*Id.*, 496 Pa. at 219–220, 436 A.2d at 623 (emphasis in original).[2]

In *Lewis v. General Accident Group*, 336 Pa.Super. 373, 485 A.2d 1128 (1984), this court posited,

> The *Tubner* court found the right to uninsured motorist benefits a corollary to the right to basic loss benefits.... Consistent with the *Tubner* court's reasoning, we find 'basic loss and uninsured motorist benefits' wherever the statute reads 'basic loss benefits.' Section 108 [PACP], by reference to Section 106 [ (c), relating to time limitations on actions for no-fault benefits], provides the applicable statute of limitations. 40 P.S. §§ 1009.106, 1009.-108.

*Id.*, 336 Pa.Superior Ct. at 376, 485 A.2d at 1129.

In finding that the claim for uninsured motorist coverage, presented to us in *Lewis*, was barred by a four-year limitation on actions, this court relied on our earlier opinion in *Warren v. Reliance Insurance Company*, 318 Pa.Super. 1, 464 A.2d 487 (1983) (*en banc* ). In *Warren*, we held that a claim, timely filed with the Assigned Claims Bureau, en-

---

**2.** We note that this court has recently ruled that the *Tubner* decision applies retroactively. *Lewis v. General Accident Group*, 336 Pa.Superior Ct. 373, 376, 485 A.2d 1128, 1129 (1984) ("As a rule, a court's interpretation of a statute is considered to have been law from the date of the statute's enactment").

titles the claimant to written notification of rejection by the assigned obligor and then to at least sixty days in which to file an action. Significantly, we further held, however, that in any event a claimant must bring the action for benefits within four years of the accident.

Based upon the facts before us in *Lewis*, we found our *Warren* decision to be controlling. However, the four-year limitation upon actions for benefits under the PACP, announced in *Warren* and applied to an uninsured motorist claim in *Lewis*, is expressly limited in its application to only those actions initiated by claimants who have not already received benefits. *See Warren, supra*, 318 Pa.Super. at 6–7, 6–7 n. 5, 464 A.2d at 490, 490 n. 5.

Section 106(c)(1) states, in pertinent part:

If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

40 P.S. 1009.106(c)(1).

■■■■ Appellant herein applied for basic loss benefits on July 23, 1977 and received $14,429.27 as satisfaction of her claim on May 9, 1978. It is clear from the record before us that this was the last payment of benefits made to appellant prior to her commencement of the instant action for further benefits on April 21, 1982. In order for the instant action to have not been barred by the applicable statute of limitations, it must have been commenced within the two year period following May 9, 1978. Clearly it was not.[3]

3. Despite appellant's arguments to the contrary, we expressly decline to apply to the case *sub judice* the six-year statute of limitations for actions based on contract, ·which this court has found applicable to *policyholder* actions under uninsured motorist coverage endorsements in *written contracts of insurance*. *See Boyle v. State Farm Mutual Automobile Insurance Company*, 310 Pa.Super. 10, 456 A.2d 156 (1983). We note that we find the holdings of this court in *Boyle* regarding the applicable statute of limitations and regarding the date from which that period of limitation runs to be inapposite for the following reasons: (1) the *Boyle* decision was based on pre-No-fault Act law; (2) the action at issue in *Boyle* was essentially an action for enforcement

Mindful of the pertinent standards and scope of our review of the entry of a summary judgment, *see Just v. Son's of Italy Hall,* 240 Pa.Super. 416, 368 A.2d 308 (1976), we affirm the lower court's order granting appellee's motion for summary judgment on the basis of the foregoing discussion.

Order affirmed.

of a contract; and, most significantly, (3) this court in *Lewis* found the limitations set forth in section 106(c) of the No-fault Act to be applicable to claims for uninsured motorist coverage brought pursuant to the PACP.