504 A.2d 344

**Derrick BRAGG, a Minor, by Delores J. BRAGG, Mother and Natural Guardian and Delores J. Bragg, Mother of the Minor in Her Own Right, Appellants,**

v.

**STATE AUTOMOBILE INSURANCE ASSOCIATION.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1985.

Filed Jan. 24, 1986.

Conrad A. Johnson, Chester, for appellants.

Peter B. Skeel, Pittsburgh, for appellee.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, ROWLEY, WIEAND, CIRILLO, OLSZEWSKI, BECK and TAMILIA, JJ.

WICKERSHAM, Judge:

This case was certified to the court *en banc* to determine the appropriate statute of limitations for uninsured motorist benefit claims under the Pennsylvania No-fault Motor Vehicle Insurance Act and the effect, if any, of a claimant's minority.

Derrick Bragg, a minor, was struck by a motor vehicle operated by William Kellem while Bragg was riding a bicycle on August 17, 1978. At the time of the accident, Kellem was allegedly uninsured. Accordingly, the appellants, Derrick Bragg, by his guardian Delores Bragg and Delores Bragg, in her own right, submitted a claim for no-fault benefits to the Pennsylvania Assigned Claims Plan Bureau on December 14, 1978.[1] This claim was subsequently assigned to the appellee, State Automobile Insurance Association, and basic loss no-fault insurance benefits were paid to Derrick Bragg. The date of the last payment of no-fault benefits made by appellee was on February 28, 1980.

In order to obtain uninsured motorist benefits, a demand was made upon appellee by appellants at some later date. This was followed by a demand for settlement. The record is devoid of the dates and manner of both demands. The record does show that on August 9, 1982, counsel for appellee refused to arbitrate this matter, however, asserting that appellants had no right to arbitrate under the No-fault Act's assigned claims plan.

On February 11, 1983, appellants brought the instant cause of action in the Court of Common Pleas of Allegheny County against appellee to obtain uninsured motorist benefits.

Appellee filed an answer and new matter, raising as an affirmative defense the statute of limitations. No reply to new matter was filed by appellants. Appellee then filed a motion for summary judgment which alleged that the implied contract statute of limitations of four years, 42 Pa.C.S. § 5525, applied, barring the commencement of the instant action. The lower court granted that motion and upon appellants' motion for reconsideration, the court affirmed its earlier decision.

Appellants filed this appeal in which they raise the following issues:

1. A trespass action was also instituted on behalf of Derrick Bragg at G.D. 78–29630. That action is pending in the court below.

1) Whether the lower court erred in failing to find that the time limitation for uninsured motorist benefits under an assigned claim plan begins to run from the date that the assigned carrier refuses to accept the claim.

2) Whether the lower court erred in failing to find that the claim for uninsured motorist benefits on behalf of a minor is governed by the time limitations outlined in 40 P.S. Section 1009.106(c).

Brief for Appellants at 3.

Our scope of review on an appeal from the granting of a motion for summary judgment was recently summarized in *Lookenbill v. Garrett*, 340 Pa.Super. 435, 490 A.2d 857 (1985). In that case, this court stated:

Under Pennsylvania Rule of Civil Procedure No. 1035(b), a party shall be entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Skowronski v. Bailey*, 330 Pa.Super. 83, 478 A.2d 1362 (1984); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984). Summary judgment should not be entered unless a case is clear and free from doubt. *Richland Mall Corp. v. Kasco Construction Co., Inc.*, [337] Pa.Super. [204], 486 A.2d 978 (1984); *Skowronski v. Bailey, supra.*

"In reviewing summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law."

*Curry v. Estate of Thompson*, 332 Pa.Super. 364, [368], 481 A.2d 658, 659 (1984), *quoting Rybas v. Wapner*, 311 Pa.Super. 50, [54], 457 A.2d 108, [109] (1983).

*Id.*, 340 Pa.Superior Ct. at 438, 490 A.2d at 859. *See also Meyers Plumbing and Heating Supply Co. v. West End*

*Federal Savings and Loan Association,* 345 Pa.Super. 559, 498 A.2d 966 (1985).

In essence, appellants contend that the lower court erred in holding that their complaint was time-barred. Appellants argue that the statute of limitations had not yet run for two reasons: the date upon which the statute began to run was the date of breach and not some earlier date and, in any case, the statute was tolled due to appellant Derrick Bragg's minority. Upon careful consideration, we cannot agree with the former contention but we are constrained to find that the latter contention has merit.

First, addressing the issue of when the statute of limitations commenced to run for filing a claim for uninsured motorist benefits, appellants argue that "[the] cause of action arose on August [9], 1982, when appellee refused to arbitrate this matter thereby indicating that it would not settle and/or defend the claim for uninsured motorist benefits." Brief for Appellants at 8.

■■■ While it is well-established that the time period in which an action based on a legal obligation must be started does not begin until the date of breach, the time of refusal to arbitrate cannot be the relevant date when no right to arbitration exists under the assigned claims plan provision of the No-fault Act. Absent an express agreement to arbitrate between the parties, there can be no right to arbitration of uninsured motorist claims derived from the statute. Although appellants may have been entitled to uninsured motorist benefits under the Act, *Tubner v. State Farm Mutual Automobile Insurance Co.,* 496 Pa. 215, 436 A.2d 621 (1981); *Prudential Property & Casualty Insurance Co. v. Falligan,* 335 Pa.Super. 195, 484 A.2d 88 (1984), appellee could not be compelled to arbitrate the claim. Article I, section 6 of the Pennsylvania Constitution entitles appellee to trial by jury. Appellee has not agreed to waive this right, nor has the legislature exercised its limited power to compel arbitration when there is a right to trial by jury de novo. *see Heller v. Frankston,* 504 Pa. 528, 475 A.2d 1291 (1984) (medical malpractice arbitration may not

infringe on a constitutional right to jury); *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980) (cited for the same principle).[2]

Having decided that the time period in which to bring suit was not triggered by the refusal to arbitrate, the task remains to determine at what point the limitations period did commence to run. The answer to that question appears to be dependent upon what statute of limitations applies to the facts herein.

Appellee asserts that the applicable statute of limitations in the instant case is four years, as found in 42 Pa.C.S. § 5525(4). Appellants contest neither the length of the statute nor which is applicable, but only the beginning date of the statute. We, however, cannot agree with the parties that the implied contract-in-law statute above even applies herein. Rather, this case seems to be controlled by our decision in *Holland v. General Accident, Fire and Life Assurance Corp., Ltd.*, 339 Pa.Super. 433, 489 A.2d 238 (1985).

The facts in *Holland* are nearly identical to the instant facts. The passenger plaintiff in *Holland* was injured in a car accident on November 6, 1976. Neither he nor the driver of the car were covered by an insurance policy. On July 23, 1977, plaintiff filed an application for no-fault benefits pursuant to the Pennsylvania Assigned Claims Plan. On May 9, 1978, final payment of no-fault benefits was paid by the assigned carrier. Following a denial of plaintiff's subsequent request for uninsured motorist benefits, plaintiff commenced an action against the assigned carrier on April 21, 1982. Summary judgment in favor of the carrier was granted on the basis that the statute of

2. The question of whether arbitration is the proper forum for the disposition of uninsured motorist claims against assigned carriers was recently decided by our court *en banc* in the case of *Johnson v. Travelers Insurance Co.*, 348 Pa.Super. 278, 502 A.2d 206 (1985). There we held that absent an actual contract containing an arbitration clause, the proper procedure to follow in the enforcement of uninsured motorist benefits as against the assigned obligor, is the filing of a complaint in assumpsit.

limitations barred suit. The lower court held that the applicable statute governing uninsured motorist benefits was 42 Pa.C.S. § 5525(4), i.e., as a contract implied-in-law.

On appeal, our court affirmed the grant of summary judgment, but held that the relevant statute governing uninsured motorist benefits was 40 P.S. § 1009.106(c)(1), and not the four year, contract implied-in-law statute, applied by the court below.

In finding that the claim for uninsured motorist coverage, presented to us in *Lewis* [*v. General Accident Group*, 336 Pa.Super. 373, 485 A.2d 1128 (1984)], was barred by a four-year limitation on actions, this court relied on our earlier opinion in *Warren v. Reliance Insurance Company*, 318 Pa.Super. 1, 464 A.2d 487 (1983) (*en banc*). In *Warren*, we held that a claim, timely filed with the Assigned Claims Bureau, entitles the claimant to written notification of rejection by the assigned obligor and then to at least sixty days in which to file an action. Significantly, we further held, however, that in any event a claimant must bring the action for benefits within four years of the accident.

Based upon the facts before us in *Lewis*, we found our *Warren* decision to be controlling. However, the four-year limitation upon actions for benefits under the PACP, announced in *Warren* and applied to an uninsured motorist claim in *Lewis*, is expressly limited in its application to only those actions initiated by claimants who have not already received benefits. *See Warren, supra*, 318 Pa. Super. at 6–7, 6–7 n. 5, 464 A.2d at 490, 490 n. 5.

> Section 106(c)(1) states, in pertinent part: If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

40 P.S. 1009.106(c)(1).

Appellant herein applied for basic loss benefits on July 23, 1977 and received $14,429.27 as satisfaction of her

claim on May 9, 1978. It is clear from the record before us that this was the last payment of benefits made to appellant prior to her commencement of the instant action for further benefits on April 21, 1982. In order for the instant action to have not been barred by the applicable statute of limitations, it must have been commenced within the two year period following May 9, 1978. Clearly it was not.

*Holland v. General Accident Fire and Life Assurance Corp., Ltd., supra,* 339 Pa.Superior Ct. at 435–36, 489 A.2d at 239 (footnote omitted).

▪ In *Tubner v. State Farm Mutual Automobile Insurance Co., supra,* our supreme court held that a company assigned to provide insurance coverage pursuant to the PACP is required to pay not only basic loss benefits, but also uninsured motorist benefits. Because *Tubner* did not create a new right of action, but merely clarified the law, it applies retroactively. *See Holland v. General Accident Fire and Life Assurance Corp., Ltd., supra; Lewis v. General Accident Group,* 336 Pa.Super. 373, 485 A.2d 1128 (1984). Section 106(c)(1) of the No-fault Act plainly states that in non-death cases, where no-fault benefits have been paid, *an action for further benefits* must be commenced within two years after the last payment of benefits. A claim for uninsured motorist benefits is undoubtedly a claim for further benefits, and thus falls under the provision of this section.

▪ Paralleling the facts of *Holland,* appellants herein applied for basic loss benefits on December 14, 1978 and received such benefits. The record clearly shows that the last payment of benefits made to appellants prior to their commencement of the instant action for further benefits was on February 28, 1980. The instant suit was commenced on February 11, 1983. In order for the suit to have not been barred by the applicable statute of limitations, it must have been commenced within the two year period following February 28, 1980. Clearly it was not. Therefore, under our decision in *Holland,* the beginning date of

the statute is the date of the last payment of no-fault benefits. Since suit was not filed within the two year period following that date, the lower court did not err in its conclusion that the statute had run, unless the statute had been tolled for some reason. That brings us to the second issue in the case: was the statute tolled due to appellant Derrick Bragg's minority? Appellants assert that 40 P.S. § 1009.106(c)(5) clearly tolled the statute in this case. Section 106(c)(5) [3] states:

> If a person entitled to no-fault benefits is under a legal disability when the right to bring an action for the benefits first accrues, the period of his disability is not a part of the time limited for commencement of the action.

 While we are in agreement with the general reasoning of this court in *Holland, supra, Lewis, supra,* and *Warren v. Reliance Insurance Co.,* 318 Pa.Super. 1, 464 A.2d 487 (1983), as to the proper statutes of limitations in assigned claims plan cases, we are concerned about the possible consequences of a broad interpretation of the language in *Lewis* which states "we find 'basic loss and uninsured motorist benefits' wherever the statute reads 'basic loss benefits.' " *Lewis, supra,* 336 Pa.Super. at 377, 485 A.2d at 1129.[4] We question such a sweeping extension of the decision in *Tubner,* which merely acknowledged the right of claimants to apply for uninsured motorist benefits, as well as no-fault benefits, from the assigned carrier.

3. Section 106(c) of the No-fault Act is applied through section 108(c)(1) which provides:

> (1) Except as provided in paragraph (2) of this subsection, an individual authorized to obtain basic loss benefits through the assigned claims plan shall notify the assigned claims bureau of his claim within the time that would have been allowed pursuant to section 106(c) of this act for commencing an action for basic loss benefits against any obligor, other than an assigned claims bureau, in any case in which identifiable no-fault insurance coverage was in effect and applicable to the claim.

4. We note that on August 5, 1985, a petition for allowance of appeal was granted by the Pennsylvania Supreme Court in *Lewis v. General Accident Group,* 336 Pa.Super. 373, 485 A.2d 1128 (1984). It is listed at 107 E.D. Appeal Docket 1985.

Under the circumstances of this case, however, consistency and logic compel us to agree with appellants that the language of section 106(c)(5) should be construed to include uninsured motorists benefits. Our court has held that the phrase "legal disability" in section 106(c)(5) includes disability attributable to a claimant's minority and that the same section creates no distinction between minor claimants' actions to recover basic no-fault benefits and actions to recover additional benefits. *Salvado v. Prudential Property and Casualty Insurance Co.*, 287 Pa.Super. 304, 430 A.2d 297 (1981).

> Section 106(c)(5).... of the Act directs that where a claimant is under a legal disability, the period of disability shall not be included in the period within which an action is to be commenced. The intent seems clear. During legal disability the statute of limitations is tolled. The statute creates no distinction between actions to recover benefits and actions to recover additional benefits.

*Id.*, 287 Pa.Superior Ct. at 308, 430 A.2d at 299. Therefore, we find that, following the holdings in *Salvado, id., Lewis, supra,* and *Holland, supra,* the two year statute of limitations established by section 106(c)(1) was tolled because of Derrick Bragg's minority.

In summary, we hold that the appropriate statute of limitations for a claim for uninsured motorist benefits under the No-fault Act, in a non-death case in which some no-fault benefits have been paid previously, is two years from the date of the last payment of those benefits. When the claimant is a minor, however, the statute is tolled. Therefore, we must reverse the entry of summary judgment in this case.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

SPAETH, President Judge, joined in this opinion before the expiration of his term on the Court.