512 A.2d 45

**William FLORES and Joan Flores, Appellants,**

**v.**

**The TRAVELERS, Appellee.**

Superior Court of Pennsylvania.

Argued May 8, 1986.

Filed July 23, 1986.

Charles S. Lieberman, Philadelphia, for appellants.

Jeffrey S. Hoyle, Lansdale, for appellee.

Before WIEAND, OLSZEWSKI and BECK, JJ.

OLSZEWSKI, Judge:

This matter comes before this Court on appeal from an order of the lower court, Judge Doty presiding, granting

summary judgment in favor of appellee and against appellants. We must now decide whether appellants' claim for uninsured motorist benefits against an assigned claims plan insurer is barred by the statute of limitations pursuant to Sections 106(c)(1) and 108(c)(1) of Title 40 of the Pennsylvania No-fault Motor Vehicle Insurance Act (Act).[1]

On September 13, 1980, appellants, William and Joan Flores, were injured when a motor vehicle in which they were traveling as passengers was struck by an unidentified vehicle. The appellants eventually received compensation for basic loss benefits from Federal Kemper Insurance Company (Kemper), the insurer of the vehicle in which appellants were riding, but their claims for uninsured motorist benefits were denied by this insurer on August 10, 1981. It was not until April 27, 1984 that appellants filed a claim for uninsured motorist benefits against appellee, The Travelers, the assigned claims plan designated insurer. Appellee, however, rejected this claim on July 11, 1984. Consequently, appellants filed suit against appellee on August 6, 1984. Thereafter, the lower court granted appellee's motion for summary judgment and dismissed the complaint. The lower court found that since appellants were aware that Kemper rejected their claim for benefits on August 10, 1981, they had until August 10, 1983 to file a claim for these benefits with the assigned claims plan. Because they did not file such a claim until April 27, 1984, said claim was barred by Sections 106(c)(1) and 108(c)(1) of the Act. Appellants now allege that in *Tubner v. State Farm Mutual Automobile Insurance Co.*, 496 Pa. 215, 436 A.2d 621 (1981), our Supreme Court held that an assigned claims plan insurer was obligated to provide uninsured motorist benefits "as if a valid policy had been issued." Thus, appellants state, *"Tubner* implied a contract of insurance that the legislature did not expressly authorize." Consequently,

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. Secs. 1009.101–701, repealed Act of February 12, 1984, P.L. 26, No. 11, Sec. 8(a), effective October 1, 1984. (Hereinafter, the prefix "1009" will be eliminated when citing to section numbers in the textual material, e.g., Section 101, not Section 1009.101).

"this decision compels the reader to conclude that a four year statute of limitations for contracts implied in law is applicable." *See* 42 Pa.C.S.A. Sec. 5525(4). (Appellants' brief, pp. 7–8). We disagree.

Although *Tubner* holds that an assigned claims plan insurer was required to pay not only basic loss benefits, but also uninsured motorist benefits to an uninsured motorist on the basis of his statutory rights under the Act, there is no indication that our courts should look outside the Act to determine the applicable statutory period of limitations. We agree with Judge Doty that the applicable period of limitations for claims by an uninsured motorist against an assigned claims plan insurer can be found in Section 106(c) of the Act. *See Warren v. Reliance Insurance Company,* 318 Pa.Super. 1, 464 A.2d 487 (1983) (*en banc* ); *Holland v. General Accident Fire and Life Insurance Company,* 339 Pa.Super. 433, 489 A.2d 238 (1985). Moreover, Section 108(c) dealing with uninsured motor vehicle accident victims such as appellants directs them to Section 106(c) to determine the appropriate limitations period. Section 108(c)(1), in pertinent part, provides:

> ... (A)n individual authorized to obtain basic loss benefits through the assigned claims plan shall notify the assigned claims bureau of his claim within the time that would have been allowed pursuant to section 106(c) of this act for commencing an action for basic loss benefits against any obligor ...

40 P.S. Sec. 108(c)(1).

It is noteworthy that although the above section addresses claims for "basic loss benefits," this Court has construed this phrase to include claims for "uninsured motorist benefits" as well. *Lewis v. General Accident Group,* 336 Pa.Super. 373, 485 A.2d 1128 (1984). As a result, claims for uninsured motorist benefits are subject to the limitations contained within Section 106(c). The latter section, in pertinent part, provides:

> If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be

■■■■■■■■■■■■■■

commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

40 P.S. Sec. 106(c)(1).

Predicated on the period of limitations contained within Section 106(c)(1) of the Act, we must conclude that the lower court correctly determined that appellants' cause of action is barred. Appellants had been involved in an accident on September 13, 1980 and later discovered on August 10, 1981 that Kemper denied their claim for uninsured motorist benefits. Inasmuch as appellants waited until April 27, 1984 to file a claim with appellee, their claim is now barred under Section 106(c)(1) of the Act.[2]

Order affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge concurring:

I agree with the majority that the action of William and Joan Flores to recover uninsured motorist benefits is barred by the statute of limitations established by Sections 108(c)(1) and 106(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act of 1974, 40 P.S. §§ 108(c)(1) and 106(c)(1). I write separately to clarify that in my judgment the controlling language is to be found in the following portion of Section 106(c)(1):

If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits,

2. It is noteworthy that while appellants' claims for uninsured motorist benefits against Kemper were made within the period governed by the statute of limitations, appellants' claims for these benefits against appellee were clearly made outside of the statutory period.

other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.

Appellants had previously been paid no-fault benefits by the carrier believed to have provided coverage for the vehicle in which they were riding at the time of the accident. A claim for uninsured motorist benefits was denied by the same carrier on August 10, 1981. The instant action against The Travelers, which was the assigned claims carrier, was not commenced until August 6, 1984. This action was too late; it was filed more than two years after the payment of basic no-fault benefits and, therefore, was barred by the statute of limitations contained in Section 106(c)(1) of the No-fault Act.