[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael J. Gresh Painting Co., Inc. by amended complaint, dated June 1, 1992 seeks recovery in four counts against the defendants, Laurence Brunoli, Inc. (Brunoli) and Continental Insurance Company (Continental.)
In counts numbers one and two, the plaintiff claims that Continental (count one) and Brunoli (count two), in violation of Gen. Stat. Secs. 49-41 through 49-42, have failed to meet the obligations, as surety and principal, respectively, of the terms of a labor and materials payment bond. Counts three seeks recovery from Brunoli for breach of contract, and count four claims that Brunoli violated CUTPA.
The parties proceeded to trial and after the plaintiff rested the defendants moved, under Practice Book Sec. 302, for a judgment of dismissal of all four counts for the failure of the plaintiff to make out a prima facie case.
The court, viewing the evidence in the light most favorable to the plaintiff, was of the opinion that the plaintiff failed to make out a prima facie case as to counts one, two and four, and granted the plaintiffs motion as to those counts but denied the motion as to count three.
Without offering any evidence as to count three, the defendants rested. Thereupon, the court entered judgment that the plaintiff recover of Brunoli the sum of $13,810.00.
By a preponderance of the credible, relevant and legally admissible evidence the court finds, concludes and rules as follows.
Brunoli was the general contractor who entered into an agreement CT Page 10885 with DOT for the construction of a highway garage and maintenance center.
The plaintiff engages in the business of painting and entered into a sub-contract with Brunoli to do the painting required under the general contract with IOT.
The plaintiff by the terms of its contract was required, inter alia, to print all ferrous surfaces that had previously been primed.
During the course of the contract, a dispute arose as to whether certain items of painting were to be included within the general and the sub-contract. These items included a large number of angle irons which were incorporated into the door opening specification for the numerous overhead doors integrated into the building. Said angle irons were not primed and showed a good deal of rust and scale, which required cleaning and the application of a priming coat.
DOT took the position that the painting and the extra work required to prepare the angle irons was in the contract; the plaintiff and Brunoli dissented.
Brunoli withheld from the plaintiff the value of the work and proceeded to arbitration with the DOT.
After arbitration proceedings, the arbitration ruled that the aforesaid work, which had been completed by Brunoli, was not included in the general contract and awarded Brunoli his claim for the extra painting work. Brunoli, after receiving the award, tendered $12,000 to the plaintiff. The plaintiff rejected same and proceeded with this law suit.
This court expressly finds that Brunoli had a legitimate dispute with DOT over the scope of the painting contract and concludes that neither Continental nor Brunoli violated Gen. Stat. Sec. 49-41 et seq., in failing to pay this disputed amount to the plaintiff. The plaintiff has failed to make out a prima facie case that the defendants illegally refused to pay its claim. Therefore, judgment of dismissal should enter for the defendants on counts one and two.
The plaintiff's allegation in court four that Brunoli violated the Connecticut Unfair Trade Practice ACT (CUTPA) even when viewing the evidence in the light most favorable to the plaintiff fails CT Page 10886 because the plaintiff did not make out a prima facie case to substantiate same.
Conn. Gen. Stat. Sec. 42-110b(a) reads, "No person shall engage in unfair and deceptive acts or practices in the conduct of any trade or commerce." The statute also provides "any person who suffers any ascertainable loss of money or property, real or personal, as a result of a method, act or practice prohibited by Sec. 42-110b, may bring an action. . .to recover actual damages" Gen. Stat. Sec. 42-110g(a) "In a private dispute a plaintiff may recover for CUTPA violations only if the proven deception act or practices of the defendant `have a potential effect on the general consuming public.'" Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747,755 (1984), citing Ivey, Barnum and O'Mara v. Indian Harbor Properties, 190 Conn. 528, 540 (1983).
"In determining whether a practice violates CUTPA, the court should apply these criteria: "(1) [w]hether the practice, without necessarily having previously considered being unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is at least within the penumbra of some common law, statutory or established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers (competitors or businessmen) Conway v. Prestina, 191 Conn. 484,490-91, 464 A.2d 487 (1983) quoting FTC v. Sperry Hutchinson Co.,405 U.S. 233, 244 n. 8, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972). McLaughlin Ford. Inc, v. Ford Motor Co., 192 Conn. 558, 568,473 A.2d 1185 (1984)" Sportsmen's Boating Corp. v. Hensley, supra 756.
The plaintiff, in this case, has not offered a scintilla of evidence that it sustained any "ascertainable loss of money or property" due to the acts or omission of Brunoli. The evidence viewed in a light most favorable to the plaintiff clearly establishes that any loss or damage borne by the plaintiff was due to delays caused by DOT or the obdurance of DOT in declaring that the painting of the many angle irons involved was within Brunoli's contract and therefore within the plaintiff's contract.
Even if any losses sustained by the plaintiff were caused by acts of Brunoli, the court viewing the evidence in the light most favorable to the plaintiff, concludes that the plaintiff has failed to establish that Brunoli violated CUTPA under the criteria established above. CT Page 10887
As to count three, the court finds that after the arbitrators concluded that the painting of the angle irons was outside the general contract and resultantly outside the subcontract, the plaintiff was entitled to be paid his full contract price. This court concludes that Brunoli acted in good faith when it withheld the balance of the contract price from the plaintiff pending the arbitrator's award. The court finds that contrary to the plaintiff's assertions, it was not damaged by any act of Brunoli but was in fact the beneficiary the arbitration action taken by Brunoli.
The agreement between the Brunoli and the plaintiff called for the painting required under the general and subcontract to be done for a contract price of $100,000.00. During the performance of the contract an extra in the amount of $810.00 was added to the contract price.
Brunoli, in compliance with Gen. Stat. Sec. 49-41c, paid the plaintiff $87,000.00. After the arbitration award there was then due and owing to Brunoli to the plaintiff the sum of $13,810.00.
Accordingly, judgment of dismissal is entered against the plaintiff, Michael J. Gresh Painting Co., Inc. for failure to make out a prima facie case as to counts one, two and four of its amended complaint.
And, judgment is entered on the third count of the plaintiff's amended complaint to recover from the defendant, Laurence Brunoli, Inc. the sum of $13,810.00, without costs to either party and without interest except from the date of judgment.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk CT Page 10888