509 A.2d 1286

**Russell and Jean MARTIN, H/W and Freddie and Shirley Watkins, Appellants,**

v.

**PENNSYLVANIA ASSIGNED CLAIMS PLAN.**

Superior Court of Pennsylvania.

Submitted Dec. 18, 1985.

Filed May 8, 1986.

Reargument Denied June 16, 1986.

Neal Cohen, Philadelphia, for appellants.

David M. McCormick, Philadelphia, for appellee.

Before BROSKY, JOHNSON and HESTER, JJ.

BROSKY, Judge:

This case is before us on appeal from entry of summary judgment in favor of defendant/appellee. The sole issue for our determination is whether the trial court erred in finding that appellants' claims under the Pennsylvania No-fault Motor Vehicle Insurance Act[1] (hereinafter the Act) were barred by the statute of limitations contained in the Act. We find that the trial court erred in finding the claims barred, and we therefore reverse and remand for further proceedings consistent with this opinion.

■ Appellants Freddie Watkins and Russell Martin, on March 17, 1978, were passengers in a motor vehicle owned by the City of Philadelphia (a self-insurer) when the vehicle was allegedly struck from behind by an uninsured motor vehicle. The two men, along with their wives, pursuant to § 108(a)(1) of the Act,[2] presented claims to the defendant/appellee, the Pennsylvania Assigned Claims Plan (hereinafter PACP), for uninsured motorist benefits.[3] The claims were denied, and appellants filed a complaint in

1. 40 P.S. § 1009.101 et seq.

2. That section provides:
   If this act is in effect on the date when the accident resulting in injury occurs, a victim or the survivor or survivors of a deceased victim may obtain basic benefits through the assigned claims plan established pursuant to subsection (b) of this section, if basic loss insurance:
   (A) is not applicable to the injury for a reason other than those specified in the provisions on ineligible claimants;
   (B) is not applicable to the injury because the victim converted a motor vehicle while he was under fifteen years of age;
   (C) applicable to the injury cannot be identified;
   (D) applicable to the injury is inadequate to provide the contracted-for benefits because of financial inability of an obligor to fulfill its obligations; or
   (E) benefits are refused by an obligor for a reason other than that the individual is not entitled in accordance with this act to receive the basic loss benefits claimed.

3. *Tubner v. State Farm Automobile Insurance Assoc.*, 496 Pa. 215, 436 A.2d 621 (1981) held that a company assigned to provide no-fault benefits pursuant to the PACP must also pay uninsured motorist benefits pursuant to the Uninsured Motorist Act, Act of August 14, 1963, P.L. 909, § 1, *as amended*, December 19, 1968, P.L. 1254, No. 397, § 1, 40 P.S. § 2000.

trespass, alleging that the PACP was negligent for failing to assign their claims to an appropriate insurance carrier for payment of uninsured motorist benefits. Appellee filed a motion for summary judgment, arguing that appellants' claims were barred by the statute of limitations and also that the claims were barred because the two men were injured while occupying a self-insured vehicle. The trial court granted the motion for summary judgment, holding that the statute of limitations barred the claims "especially where Plaintiffs admittedly ascertained the uninsured status of the tortfeasor more than two (2) years prior to the institution of the case at bar." We find that the date appellants learned of the uninsured status of the vehicle which struck theirs is not pertinent to a determination of when the statute of limitations began to run.

Section 106(c)(1) of the No-fault Act provides (in pertinent part):

If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier.

Section 108(c)(1) of the Act provides:

Except as provided in paragraph (2) of this subsection, an individual authorized to obtain basic loss benefits through the assigned claims plan shall notify the assigned claims bureau of his claim within the time that would have been allowed pursuant to section 106(c) of this act for commencing an action for basic loss benefits against any obligor, other than an assigned claims bureau, in any case in which identifiable no-fault insurance coverage was in effect and applicable to the claim.

(Footnote omitted). When these two sections of the Act are read together, it is clear that when no-fault benefits have

not been paid in a non-death case (the situation now before us),[4] notice must be given to the PACP within two years of the date the claimant has suffered "loss" and reasonably should know that the loss was caused by the accident. The question which now confronts us is: When does "loss" occur when the compensation being sought is for non-economic loss under uninsured motorist coverage rather than for economic loss which is compensable as no-fault basic loss benefits?[5]

In *Zubris v. P.A.C.P.*, 321 Pa.Super. 83, 467 A.2d 1139 (1983), a panel of our court struggled to determine when "loss" occurred in a case involving a claim filed with the PACP for no-fault basic loss benefits. In reaching its determination, the court relied on *Myers v. U.S.A.A. Casualty Ins. Co.*, 298 Pa.Super. 366, 444 A.2d 1217 (1982). *Myers* was subsequently reversed by our Supreme Court in *Murphy v. Prudential Property and Casualty Ins. Co.*, 503 Pa. 528, 469 A.2d 1378 (1983). In light of *Murphy*, *Zubris* would seem to no longer be valid.

In *Murphy*, an insured who had not previously been paid any no-fault benefits brought an action against his insurer for no-fault benefits. The Supreme Court applied the no-fault § 103 definition of "loss",[6] which refers to economic loss, and held that such loss was sustained for purposes of § 106(c)(1) when an allegedly covered service (medical service, replacement service, etc.) was rendered, and that a

**4.** See *Bragg v. State Automobile Insurance Assoc.*, 350 Pa.Super. 257, 504 A.2d 344 (1986), for application of the relevant statute of limitations in a non-death case where uninsured motorist benefits were being sought more than two years after no-fault benefits *had* been paid.

**5.** See *Warren v. Reliance Ins. Co.*, 318 Pa.Super. 1, 464 A.2d 487 (1983) for a thorough discussion of the time limits for applying for basic loss benefits with the PACP and for commencing suit against the assigned obligor for failure to pay such benefits.

**6.** "Accrued economic detriment resulting from injury arising out of the maintenance or use of a motor vehicle consisting of, and limited to, allowable expense, work loss, replacement services loss, and survivor's loss." "Allowable expense" is defined in the Act as essentially medical and funeral expense.

claimant seeking to recover for such loss had to commence suit within two years of the date that he knew or should have known that the loss was caused by the accident. Since it was possible that the claimant in that case had sustained part of his loss within the two years preceding the commencement of suit, the court remanded with leave for the parties to present supplemental proof in the trial court as to any loss that had occurred during that two-year period.

Appellants in the case before us are attempting to recover uninsured motorist benefits for such non-economic loss as pain and suffering, mental anguish, and loss of consortium—items which do not fall within the no-fault definition of "loss". Admittedly, it will be much easier to determine when economic loss is sustained than to determine when non-economic loss is sustained. Nevertheless, in the case before us, analogously to the approach taken in *Murphy*, we find that appellants are not barred by the statute of limitations from obtaining uninsured motorist benefits for non-economic loss sustained during the two years immediately preceding the date that they gave notice of their claims to the PACP. Appellants in this case will be barred from asserting claims for pain and suffering, mental anguish, loss of consortium, etc., occurring prior to two years before the date they gave the required notice to the assigned claims bureau, except for such losses as appellants did not know and could not reasonably have been expected to know resulted from the accident.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.