509 A.2d 967

Estate of Michael K. Nichols, Deceased. Appeal of: Commonwealth of Pennsylvania, Department of Revenue, Appellant.

Commonwealth of Pennsylvania, Department of Revenue, Appellant *v.* Estate of Neal F. Reagan, Deceased; Appellee.

Argued April 8, 1986, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Vincent J. Dopko*, Deputy Attorney General, with him, *Catherine R. Barone* and *LeRoy S. Zimmerman*, Attorney General, for appellant.

*Stephen Carroll, Kassab, Cherry & Archbold*, for appellees.

OPINION BY JUDGE ROGERS, May 22, 1986:

These are the consolidated appeals of the Department of Revenue from orders respectively of the Courts of Common Pleas of Chester and Delaware Counties holding that work loss insurance benefits paid to parents of deceased children killed in highway accidents were not to be included in the estates for purposes of taxation under the Inheritance and Estate

Tax Act of 1961 (Act), Act of June 15, 1961, *as amended,* P.L. 373, 72 P.S. §§2485-101—2485-1201, since repealed and replaced by the Pennsylvania Inheritance and Estate Tax Act, Act of December 13, 1982, P.L. 1086, 72 Pa. C. S. §§1701-1796. No-fault benefits were paid to the parents of both decedents in these cases as required by their respective insurance policies. Fifteen thousand dollars in work loss benefits was included in those payments to the parents. The administrators of the estates, who also happen to be the parents of the decedents, did not include the work loss benefits as taxable assets in their respective inheritance tax returns. The Department of Revenue took the position that they were includable as taxable assets. The common pleas courts excluded them.

The Department of Revenue claims that a work loss benefit received under the now repealed Pennsylvania No-Fault Motor Vehicle Insurance Act (No-Fault Act), Act of July 19, 1974, P.L. 489 (No-Fault Act), 40 P.S. §§1009.101-701, is subject to Pennsylvania inheritance taxes pursuant to the Act. The Department of Revenue claims that the personal representative of the deceased victim's estate is the proper party to bring suit to recover the work loss benefit and thus, since the work loss is a chose of action of the decedent or his personal representative, the benefits are assets of the estate and subject to inheritance transfer taxes under Section 211 of the Act.[1]

Section 201 of the No-Fault Act provided that in the event of an automobile accident, "any victim or any

---

[1] Section 211 of the Inheritance and Estate Tax Act of 1961, 72 P.S. §2485-211 provides:

All transfers of property, as defined in this act, by will or by the intestate laws of the Commonwealth, from a resident of this Commonwealth are subject to tax under this act.

survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act." Section 202 of the No-Fault Act defined "basic loss benefits" as including work loss and survivor's losses. Section 103 of the No-Fault Act defined "survivor" as a spouse or child, parent, brother, sister or relative dependent upon the deceased for support. The parents of the deceased victims, if dependents, are clearly survivors entitled to receive basic loss benefits, including work loss benefits, under Section 201 of the No-Fault Act.

In *Heffner v. Allstate Insurance Co.*, 265 Pa. Superior Ct. 181, 401 A.2d 1160 (1979), *aff'd*, 491 Pa. 447, 421 A.2d 629 (1980), the widow of a man killed in an automobile accident claimed entitlement to survivor's loss and work loss benefits under the No-Fault Act. The court held that the widow was entitled not only to the survivor's loss benefits, but also to her late husband's work loss benefits.

The Department of Revenue relies on the case of *Freeze v. Donegal Mutual Insurance Co.*, 504 Pa. 218, 470 A.2d 958 (1983), wherein the administrator of the decedent's estate, who was the minor decedent's father, sought to recover work loss benefits. The Department of Revenue claims that *Freeze* stands for the proposition that work loss benefits belong to a victim or a deceased victim's estate. The Supreme Court in *Freeze* held that estates of victims are entitled to work loss benefits under the No-Fault Act. The court stated:

> In Heffner it was decided that the right to work loss benefits is not terminated by the demise of a victim. We held that 'survivors' of deceased victims are entitled to payment of these benefits under the terms of the No-Fault Act. It follows then that, if work loss benefits do not terminate upon the death of a deceased victim, absent a

statutory bar, those benefits are recoverable by the deceased victim's estate. This is the natural, logical and compelling extension of our holding in Heffner. Upon a close and careful examination of the No-fault Act, we find no language which precludes the recovery of work loss benefits to the estate of a deceased victim.

*Id.* at 222, 470 A.2d at 960.

The Department of Revenue would have us hold that the personal representative of the decedent's estate is *the only* proper party to recover work loss benefits under the No-Fault Insurance Act. Clearly, we cannot so hold in light of the pronouncement of the Supreme Court in *Heffner* that survivors of deceased victims are also entitled to work loss benefits under the No-Fault Act.

Since the survivors in the present cases were proper parties to receive the work loss benefits under the no-fault insurance policies, the work loss benefits received by them did not become assets of the estates, and therefore, are not subject to the Pennsylvania inheritance tax.[2]

Orders affirmed.

### ORDER IN 40 T.D. 1985

AND NOW, this 22nd day of May, 1986, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.

### ORDER IN 803 C.D. 1985

AND NOW, this 22nd day of May, 1986, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

Senior Judge KALISH dissents.

---

[2] Our holding makes it unnecessary for us to address the Department of Revenue's arguments that work loss benefits are not in the nature of life insurance.