516 A.2d 1235

**Amy Lynn PATTERSON, a Minor by her Next Friend and Guardian Ad Litem, Ernestine PATTERSON**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Oct. 24, 1986.

James F. Andrews, Jr., Pittsburgh, for appellant.

Alfred V. Papa, Allen L. Palmer, New Castle, for appellee.

Before BROSKY, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Lawrence County entering judgment in favor of the plaintiff (Amy Lynn Patterson, a minor) and against the defendant (Nationwide Mutual Insurance Co.). We affirm.

The case consists of the following undisputed facts: On October 22, 1977, Arthur Patterson was killed while driving a vehicle owned by his brother. Mr. Patterson was survived by a minor-daughter (the plaintiff) who was in the

custody of his former wife. The minor-daughter was three years old at the time of the accident. As for insurance coverage, Mr. Patterson had been issued a policy by Nationwide, which policy provided him with basic personal injury protection.

No one argues that the statute of limitations for bringing suit expired four years after the accident or October 22, 1981. Nonetheless, suit was not commenced until December 9, 1983. Within one week prior to suit, however, Nationwide paid five thousand ($5,000) dollars in survivor's loss benefits to the minor-child. Following Nationwide's denial of the plaintiff's claim for work loss benefits under the now repealed No-Fault Act,[1] the plaintiff commenced the present action by filing a complaint in assumpsit to recover these benefits.

After limited discovery, the case was submitted to the lower court on briefs. On January 22, 1986, the lower court found in favor of the plaintiff in the sum of fifteen thousand ($15,000) dollars, with interest accruable at eighteen (18) percent added thereto, retroactive to December 9, 1984. Attorney's fees were also awarded to the plaintiff's counsel upon submission of a fee schedule to the defendant. On February 7, 1986, the appealed from order and judgment was entered. The present appeal was filed thereafter.[2]

The first issue we shall address, which prior hereto has received limited consideration in this Commonwealth, is two-fold in that it relates to whether (a) the applicable

1. The Act of July 19, 1984, P.L. 489, No. 176, §§ 101–107, 40 P.S. §§ 1009.101–.701, repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984. The No-Fault Act has been replaced by the Motor Vehicle Financial Responsibility Law. The Act of February 12, 1984, P.L. 26, No. 11, § 3, effective October 1, 1984, 75 Pa.C.S. § 1701 et seq. See *Jones v. The Travelers Insurance Co.*, 356 Pa.Super. 213, 514 A.2d 576 (1986).

2. Due to a breakdown in the machinery of the prothonotary's office of the Court of Common Pleas of Lawrence County, i.e., the prothonotary failed to give notice to the defendant of the entry of the judgment, the defendant was not aware of the judgment until April 1, 1986. At that time, Nationwide filed promptly a notice of appeal to this Court. Neither party disputes this point, and our review of the record is not at odds with this accounting. Thus, the appeal is properly before us.

statute of limitations was tolled, because of the plaintiff's minority, and (b) whether she can, as a result thereof, determine her entitlement to work loss benefits in her capacity as the decedent's survivor.

As in the past, our polestar for construing the No-Fault Act has been singular in nature, i.e., to ascertain and effectuate the intention of the General Assembly. See 1 Pa.C.S. § 1921. In doing so, we have turned consistently to the provisions of the No-Fault Act itself. For example, the stated purpose for promulgating the No-Fault Act appears in 40 P.S. § 1009.102 (repealed), where it is written:

> **(b) Purposes.**—Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.

Further, the same section of the No-Fault Act, under the heading of "Findings", refers to the General Assembly's declaration that:

> (3) the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways, in intrastate commerce, and in activity affecting intrastate commerce is essential to the humane and purposeful functioning of commerce.

40 P.S. § 1009.102(a)(3) (repealed). Additionally, Section 201, in pertinent part, confers the right to receive basic loss benefits to "any victim or any survivor of a deceased victim" injured in the Commonwealth. 40 P.S. § 1009.-201(a) (repealed). Therefore, it is self-evident that the No-Fault Act was intended to provide recompense for "survivors" of those killed on our highways.

The nature of the compensation ("basic loss benefits") afforded a survivor of a deceased victim, as is applicable to the case at bar, includes work loss benefits of up to $15,000. 40 P.S. § 1009.202(b) & 1009.103 (repealed). These benefits are available, as made mention of previously, to a "survivor", which is defined to include: "(A) spouse; or (B) child,

parent, brother, sister or relative dependent upon the deceased for support." 40 P.S. § 1009.103 (repealed).

Nationwide concedes that Amy Lynn Patterson is entitled to survivor's loss benefits—this being an extension of the common law right to damages under a wrongful death action available to the decedent's family. Notwithstanding this, Nationwide believes that there is no rationale for extending the payment of work loss benefits to a decedent's minor-child. Especially, as urged by Nationwide, since work loss benefits have been analogized to a common law survival action designed to compensate a decedent's estate for the loss the insured himself suffered by having his earning power cut off by death. In support thereof, Nationwide cites *Sachritz v. Pennsylvania Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982) and *States v. Insurance Co. of North America*, 327 Pa.Super. 28, 474 A.2d 1156 (1984).

Albeit *Sachritz* and *States* both make reference to the correlation between work loss/survivor's loss benefits and the common law survival/wrongful death actions, they do so in the context of a decedent's *estate* seeking, inter alia, work loss benefits.

*Sachritz* denied the administratrix's claim for additional no-fault benefits for failing to act timely to request the same under the relevant statute of limitations. Thus, the denial of benefits was affirmed. As for *States*, this Court found that, inter alia, the maximum amount of work loss benefits to decedent's estate was correctly awarded under the controlling statute of limitations. In no instance did either case extend its holding to exclude the availability of work loss benefits to "survivors of a deceased victim." We will not read such a ruling into the two estate cases in light of the clear and unambiguous language in *Heffner v. Allstate*, 491 Pa. 447, 421 A.2d 629 (1980) permitting an award of work loss benefits to survivors of a deceased victim.

On appeal to our Supreme Court, Delores Heffner, *in her own right*, sought reaffirmation of Superior Court's holding awarding her benefits due her from the insurer/Allstate upon her husband's death following a vehicular accident.

The Court, as appears to have been the practice of all appellate courts when it came to claims for work loss/survivor's loss benefits, analogized these benefits to the previously discussed common law causes of action—wrongful death/survival actions.

Further, and more importantly, the Court rejected Allstate's assertion that the allowance of survivor's loss and work loss benefits to the survivors of deceased victims would result in overlapping coverage and double payments. In doing so, it wrote:

> ... we believe that in practice, recovery of survivor's loss and work loss benefits by survivors of deceased victims, will no more constitute double recovery under the Act than does recovery under analogous wrongful death and survival actions in tort law. *See Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 A.2d 659 (1942); *First Nat. Bank of Meadville, Pa. v. Niagara Therapy Mfg. Corp.,* 229 F.Supp. 460 (W.D.Pa.1964); and *Hochrein v. United States,* 238 F.Supp. 317 (E.D.Pa.1965). As we view the Act, the decedent's contribution of income under survivor's loss recovery shall be excluded from the amount recovered under work loss. In this manner, both basic loss benefits will compliment, rather than duplicate each other. It must be kept in mind that the Act sets monetary limits of $15,000 for recovery of work loss benefits and $5,000 of survivor's loss benefits. If actual losses do not reach or exceed these limits, the full amounts of these basic loss benefits need not be paid. The position taken by the Superior Court in *Heffner* is the most cogent approach to the No-Fault Act. The recovery of work loss benefits by survivors of deceased victims best fulfills the legislature's express intention to provide "compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents" by providing "adequate basic loss benefits [to] ... the survivors of deceased victims."

491 Pa. at 459–60, 421 A.2d at 636 (Footnotes omitted).

Since the *Heffner* case was consolidated on appeal with one of an administrator of a decedent's estate seeking the

same benefits (*Pontius v. United States Fidelity and Guaranty Co.*), the Court had the opportunity to deny the receipt of benefits to Mrs. Heffner, in her individual capacity, while permitting an estate of the deceased victim to receive the same. It did not, and we will not debilitate the decision by doing so now. This is especially so in light of this Court's recent en banc decision of *Billman v. Pennsylvania Assigned Claims Plan, et al.*, 355 Pa.Super. 524, 513 A.2d 1046 (1986).

In the first portion of *Billman*, this Court denied an *administratrix's* request for work loss benefits on the basis of the decedent's failure to be insured, and, therefore, not entitled to such benefits. However, in addressing the second prong of the appellant's request for relief, the Court did grant Mrs. Billman's claim for work loss benefits *in her capacity as a "survivor" of the decedent;* viz."

We next confront appellant's claim to work loss benefits on behalf of herself as an alleged "survivor."

Section 103 of the No-fault Act defines "survivor" as: "(A) spouse; or (B) child, parent, brother, sister or relative dependent upon the deceased for support." In *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), our supreme court held that survivors of deceased victims are entitled to payment of work loss benefits pursuant to the pertinent No-fault Act provisions. *See Freeze v. Donegal Mutual Insurance Company*, 504 Pa. 218, 222, 470 A.2d 958, 960 (1983). More specifically however, as stated in *Fairbanks v. Travelers Insurance Company*, 337 Pa.Super. 39, 43, 486 A.2d 469, 471 (1984), "In *Heffner*, our supreme court held that the surviving spouse of an *insured* killed in a motor vehicle accident could recover the *insured's* work-loss benefits as if the *insured* had survived with a permanent disability and recovered them himself." (emphasis supplied) (citation omitted). The issue of whether a survivor of a deceased *uninsured* is entitled to work loss benefits appears to be one of first impression.

We note that the assigned claims provision of the No-fault Act, found at section 108, include the following:

**(a) General.—**

(1) If this act is in effect on the date when the accident resulting in injury occurs, a victim *or the survivor or survivors of a deceased victim may obtain basic benefits through the assigned claims plan* established pursuant to subsection (b) of this section, if basic loss insurance:

.    .    .    .    .

(C) applicable to the injury cannot be identified;

.    .    .    .    .

(emphasis supplied). In that "basic loss benefits" consist of "allowable expense", "replacement services loss", "survivor's loss", *and* "work loss", 40 P.S. § 1009.103, we are of the opinion that to parcel work loss out of the panoply of survivors' entitlements permitted by subsection 108(a) would be to render the language of that subsection illusory. "When the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded ..." 1 Pa.C.S. § 1921(b). This interpretation also comports with the avowed purpose of the No-fault Act, which was to provide a "system of prompt and adequate basic loss benefits for motor vehicle accident victims *and the survivors of deceased victims.*" 40 P.S. § 1009.102(b).

\*     \*     \*     \*     \*     \*

Unlike an estate, however, a survivor does not "stand[ ] in the shoes of the deceased victim," *Freeze, supra,* 504 Pa. at 224, 470 A.2d at 961, and therefore the decedent's culpability should not operate to deny an inculpable survivor his or her entitlements. That is, it is not the survivor who failed to purchase the mandatory insurance coverage.[8]

We accordingly hold that, as an alleged "survivor" of the decedent, Brian Billman, appellant is entitled to recover work loss benefits under the P[ennsylvania] A[ssigned] C[laims] P[lan], and therefore the court below erred as a

matter of law in granting appellees' motion for summary judgment with regard to this issue.

8. In their brief, appellees direct our attention to Judge Van der Voort's plurality opinion in *Smiley v. Ohio Casualty Insurance Company*, 309 Pa.Super. 247, 455 A.2d 142 (1983), wherein work loss benefits were characterized as "in the nature of reimbursement to the *estate* of the deceased ..." *Id.*, 309 Pa.Superior Ct. at 252, 455 A.2d at 145 (emphasis added). While this characterization is an often useful analytical construct, given the substantive context instantly before us, to abide by this construct would require that we act in utter contravention of our supreme court's pronouncements in *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980), and its progeny. Appellees implicitly urge that we not recognize work loss benefits as a form of survivors' benefits; however, as reiterated in *Freeze v. Donegal Mutual Insurance Company*, 504 Pa. 218, 470 A.2d 958 (1983), "In *Heffner*, it was decided that the right to work loss benefits is not terminated by the demise of a victim. We [our supreme court] held that 'survivors' of deceased victims are entitled to payment of these benefits ..." *Id.*, 504 Pa. at 222, 470 A.2d at 960.

355 Pa.Super. at 532–533 & n. 8, 513 A.2d at 1049–50 & n. 8 (Emphasis in original; footnotes omitted).

■ Granted, the circumstances in *Billman* are not a mirror image of the facts at bar. Nonetheless, we find the rationale espoused therein, especially when read in conjunction with the broad language used in *Heffner*, leads to the inescapable conclusion justifying the receipt of work loss benefits by the minor-child.

■ The minor-child, being a "survivor" as defined under the No-Fault Act, should not be denied her right to work loss benefits. To do otherwise would render ineffectual the objectives of the No-Fault Act of compensating, in an economic sense, the survivors of all individuals killed in motor vehicle accidents by the establishment of "adequate basic loss benefits" for those "survivors of deceased victims." 40 P.S. § 1009.102(a)(3) & (b) (repealed). We find this to be quite easily deducible from *Heffner* and its progeny.[3] This, of necessity, renders Nationwide's "good

3. Cf. *Estate of Nichols*, —— Pa.Cmwlth. ——, ——, 509 A.2d 967, 968 (1986) ("The Department of Revenue would have us hold that the personal representative of the decedent's estate is *the only* proper party to recover work loss benefits under the No-Fault Insurance Act. Clearly, we cannot so hold in light of the pronouncement of the Supreme Court in *Heffner* that survivors of deceased victims are also

faith" denial of benefits rather tenuous, and, consequently, exposes it to liability for the plaintiff's attorney's fees for his having had to defend this matter on appeal. See *Erie Insurance Exchange v. Hayes*, 493 Pa. 150, 425 A.2d 419 (1981) and compare with *Rago v. State Farm Mutual Automobile Insurance Co.*, 355 Pa.Super. 207, 513 A.2d 391 (1986).

The last issue we wish to respond to relates to whether the present action was tolled by the plaintiff's minority. We find *Bragg v. State Automobile Insurance Association*, 350 Pa.Super. 257, 504 A.2d 344 (1986) to be dispositive on this point.

In *Bragg*, this Court, sitting en banc, was assessing the effect of a claimant's minority on his claim for uninsured motorist benefits. We stated it this way:

> ... was the statute tolled due to appellant Derrick Bragg's minority? Appellants assert that 40 P.S. § 1009.106(c)(5) clearly tolled the statute in this case. Section 106(c)(5) states:
>
> > If a person entitled to no-fault benefits is under a legal disability when the right to bring an action for the benefits first accrues, the period of his disability is not

entitled to work loss benefits under the No-Fault Act." (Emphasis in original)); *Freeman v. Allstate Insurance Co.*, 309 Pa.Super. 108, 111, 454 A.2d 1106, 1107–08 (1982) (In dicta the Court stated: "The No-fault Act specifically intends the 'compensation of the economic losses of the *survivors* of all individuals killed,' 40 P.S. 1009.102(a)(3) ..., and defines 'survivor' in part as the 'spouse', 40 P.S. 1009.103. *Compare Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982), where this court en banc ... declined to rule that recovery of work loss benefits under the No-Fault Act should be limited to survivors, which ruling would have barred the right of the deceased victim's estate to recover work loss benefits." (Emphasis in original)); *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 343, 423 A.2d 1284, 1287–88 (1980) ("On April 12, 1979, we filed our opinion in *Heffner v. Allstate Insurance Company* [, 265 Pa.Super. 181, 401 A.2d 1160 (1979), aff'd 491 Pa. 447, 421 A.2d 629 (1980) ], holding that under the No-Fault Act, the survivor of a deceased victim is eligible for work loss benefits as well as survivor's loss benefits. * * * Thus, our decision in *Heffner* did not create a new right to work loss benefits. That right existed all along.").

a part of the time limited for commencement of the action.

\* \* \* \* \* \*

Our court has held that the phrase "legal disability" in section 106(c)(5) includes disability attributable to a claimant's minority and that the same section creates no distinction between minor claimants' actions to recover basic no-fault benefits and actions to recover additional benefits. *Salvado v. Prudential Property and Casualty Insurance Co.*, 287 Pa.Super. 304, 430 A.2d 297 (1981).

> Section 106(c)(5).... of the Act directs that where a claimant is under a legal disability, the period of disability shall not be included in the period within which an action is to be commenced. The intent seems clear. During legal disability the statute of limitations is tolled. The statute creates no distinction between actions to recover benefits and actions to recover additional benefits.

*Id.*, 287 Pa.Superior Ct. at 308, 430 A.2d at 299. Therefore, we find that, following the holdings in *Salvado*, [*supra* ], *Lewis* [*v. General Accident Group*, 336 Pa.Super. 373, 485 A.2d 1128 (1984) ], and *Holland v. General Accident, Fire and Life Assurance Corp., Ltd.*, 339 Pa.Super. 433, 489 A.2d 238 (1985) ], the two year statute of limitations established by section 106(c)(1) was tolled because of Derrick Bragg's minority.

350 Pa.Super. at 266–267, 504 A.2d at 348–49 (Footnote omitted).

■ Premised upon *Bragg*, we see no reason to deny the plaintiff (minor-child) here the tolling effect of 40 P.S. § 1009.106(c)(5) (repealed). The accident in question occurred in 1977, at which time the plaintiff was three years old. Suit was instituted six years later, in 1983, which would have made the plaintiff nine years old at the time, and, obviously, still a minor. See *Maycock v. Gravely Corp.*, 352 Pa.Super. 421, 508 A.2d 330 (1986). Therefore, given the tolling of the statute of limitations under the No-Fault Act, we see no reason to hold the plaintiff's

complaint in assumpsit to be untimely filed as of December 9, 1983.

Judgment affirmed.